IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>87-37 JUSTICE AVENUE, ELMHURST,<br>QUEENS COUNTY, NEW YORK, ET AL. | Criminal Action No.<br><br>1:12-CV-3229-CAP |

**Motion to Lift Stay and Dismiss Case**

COMES NOW plaintiff United States of America, by Byung J. Pak, United States Attorney, and Kelly K. Connors, Assistant United States Attorney for the Northern District of Georgia, and hereby moves this Court to lift the stay and administrative termination of this action, and further moves this Court to dismiss this civil forfeiture action. Because the properties at issue in this civil forfeiture action were ordered forfeited in *United States v. Chenhsin Chan, a/k/a Paul Chan,* Criminal Action Number 1:14-CR-203-ODE, there are no remaining issues to address. In support of its motion, the United States shows the following:

1.

On September 14, 2012, the United States filed a Complaint for Forfeiture, and the instant case began. (Doc. 1). The United States subsequently filed an Amended Complaint for Forfeiture on October 3, 2012. (Doc. 2). The Amended Complaint sought forfeiture of a real property located at 87-37 Justice Avenue, Elmhurst, New York; $666,655.46 in funds seized from a JP Morgan Chase bank account ending in X9865; a 2012 Mercedes Benz 3350WR; a 2007 Nissan Xterra; a

2005 Lamborghini Gallardo; and three assorted coins (collectively, the "Subject Property"). (*Id.* at ¶¶ 162-165).

2.

Jan Ying Chan, Kaung H. Chan, Chenhsin Chan, and the Wholesale Source, LLC (collectively, "Claimants") filed verified claims through their counsel, Yasha Heidari. (Docs. 8-11).

3.

On November 2, 2012, Yasha Heidari filed a joint motion to stay the instant case, pending resolution of a criminal investigation regarding Chenhsin Chan. (Doc. 19). The Court granted the stay on November 5, 2012, (Doc. 20), and the civil forfeiture case has been stayed since that time.

4.

On May 29, 2014, a federal grand jury indicted Chenhsin Chan. *United States v. Chan*, Crim. Action No. 1:14-CR-203-ODE, at Doc. 1. The Indictment charged Chan with ten counts of mail fraud in violation of 18 U.S.C. § 1341; ten counts of introduction of adulterated food in violation of 21 U.S.C. §§ 331(a), 333(a)(2) and 342(f)(1)(A); five counts of distribution of a listed chemical in violation of 21 U.S.C. § 841(f); and five counts of money laundering in violation of 18 U.S.C. § 1957. *Id.* The Indictment also included a forfeiture provision, which sought forfeiture of the same Subject Property. *Id.*

5.

On May 25, 2016, a jury convicted Chenhsin Chan on all thirty counts of the Indictment. *Id.* at Doc. 78. The following day, the United States tried the issue of

the forfeiture of the Subject Property, with the exception of the Nissan Xterra, before the same jury. The jury found that all of the assets should be forfeited to the United States. *Id.* at Doc. 79. The Government had previously agreed to return the Nissan Xterra to Chenhsin Chan.

6.

On December 16, 2016, the Honorable Orinda D. Evans entered a Preliminary Order of Forfeiture, forfeiting Chenhsin Chan's interest in 87-37 Justice Avenue, Elmhurst, New York; $666,655.46 in funds seized from a JP Morgan Chase bank account ending in X9865; a 2012 Mercedes Benz 3350WR; a 2005 Lamborghini Gallardo; and three assorted coins. *Id.* at Doc. 109. Upon entry of the judgment and commitment in the case, the forfeiture became final as to Chenhsin Chan. *Id.* at *Doc.* 110. Chan later appealed his conviction and sentence, including the forfeiture; *id.* at Doc. 113, however, the Eleventh Circuit affirmed, *id.* at Doc. 150.

7.

In accordance with 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States published notice of the forfeiture action for at least 30 consecutive days. The United States also sent direct notice of the forfeiture action to all known third parties. No one filed a petition in the criminal ancillary proceeding, and the Court later entered a Final Order of Forfeiture, *id.* at Doc. 147, which forfeited all of the Subject Property, except the Nissan Xterra, to the United States. In accordance with this Order, the United States is currently in the process of disposing of the property.

8.

The United States does not intend to pursue civil forfeiture of the Nissan Xterra, and the vehicle has been released. Because all of the other Subject Property has been forfeited to the United States in a Final Order and Judgment of Forfeiture, all of the issues concerning the forfeiture have already been resolved. Accordingly, the United States moves to dismiss the civil forfeiture action.

WHEREFORE, the United States respectfully requests that this Court lift the stay and enter a dismissal of the instant civil forfeiture action.

Respectfully submitted,

BYUNG J. PAK
*United States Attorney*

/s/KELLY K. CONNORS
   *Assistant United States Attorney*
Georgia Bar No. 504787
Kelly.Connors@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

October 30, 2018

/s/ KELLY K. CONNORS

KELLY K. CONNORS

*Assistant United States Attorney*